**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Darius Marchella McCormick, | ) | Civil Action No. 2:22-cv-0257-RMG |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Town of Summerville, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 21) recommending the Court grant in part and deny in part Defendant's motion to dismiss the amended complaint for failure to state a claim. For the reasons stated below, the Court declines to adopt the R & R as the Order of the Court. The Court grants Defendant's motion as to Plaintiff's federal cause of action and remands the remaining state law claims to the Court of Common Pleas for Dorchester County, South Carolina.

I.     **Background**

On September 7, 2021, Plaintiff filed a complaint in the Court of Common Pleas for Dorchester County, South Carolina. (Dkt. No. 1-1). Plaintiff alleges police officers employed by the Town of Summerville unlawfully seized him and charged him with a crime. (*Id.*). On January 27, 2022, Defendant removed the case to federal court on the basis of federal question jurisdiction. (Dkt. No. 1). Plaintiff filed an amended complaint and brings claims for: (1) gross negligence/negligence; (2) malicious prosecution; (3) abuse of process; (4) violation of his rights pursuant to 42 U.S.C. § 1983; (5) defamation; (6) outrage; and (7) grossly negligent hiring, supervision, and training. (Dkt. No. 13).

1

The basic factual allegations giving rise to Plaintiff's claims are as follows. On October 15, 2010, Plaintiff parked his vehicle in Summerville, South Carolina. Officer Bailey happened upon Plaintiff's vehicle with the lights on and exterior engine running. Plaintiff alleges Bailey directed him to produce his driver's license and aggressively yelled at Plaintiff to exit the vehicle. (Dkt. No. 13 at 2-3). Plaintiff alleges he was fearful and sped away. (*Id.*). Officer Harrison was positioned nearby and as Plaintiff drove by, Harrison shot Plaintiff in the chest through the driver's side window. (*Id.* at 3). Plaintiff alleges he was transported to the hospital where he was treated. (*Id.* at 4). Plaintiff alleges he was charged with murder and attempted murder of Officers Bailey and Harrison. He alleges he was arrested and released on a $200,000.00 bond a few days later. (*Id.* at 5). On March 3, 2011, an indictment for murder and attempted murder was filed against Plaintiff. (*Id.* at 5-6). Plaintiff alleges Officers Bailey and Harrison manipulated and manufactured evidence to support the indictment. (*Id.*). Plaintiff alleges the indictment remained pending until the charges were dismissed nolle prosequi on April 3, 2019, without notice to Plaintiff or his attorney. Plaintiff alleges he discovered the charges had been dismissed "on or around March 15, 2020." (*Id.* at 6).

Defendant filed a Rule 12(b)(6) motion to dismiss the amended complaint for failure to state a claim. (Dkt. No. 14). The Magistrate Judge issued a report and recommendation recommending the Court grant in part, deny in part, Defendant's motion to dismiss. (Dkt. No. 21). Defendant filed objections to the R & R (Dkt. No. 22) and the matter is ripe for the Court's review.

## II.    <u>Standard</u>

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This

Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Defendant filed objections in this case and the R & R is reviewed *de novo*.

## III.    <u>Discussion</u>

Defendant's Rule 12(b)(6) motion to dismiss sets forth several grounds to dismiss all of the claims asserted in Plaintiff's amended complaint. The Court will first analyze Plaintiff's sole federal law clam asserted pursuant to 42 U.S.C. § 1983.

Defendant argues Plaintiff's § 1983 claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a valid claim. Defendant asserts Plaintiff fails to allege a valid § 1983 claim by merely asserting "that a common law tort was committed by a state official." (Dkt. No. 14 at 5). Plaintiff includes allegations to support constitutional deprivations resting on malicious prosecution and abuse of process, but Plaintiff did not name any individuals as a Defendant, only the Town of Summerville. As such, the issue is whether Plaintiff alleged plausible claims against Defendant in its capacity as a municipal organization under a theory of liability set forth in *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Under *Monnell*, "[a] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose

3

edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978).

Upon a review of the amended complaint, the Court finds Plaintiff has failed to state a plausible claim for municipal liability. Plaintiff does not allege Defendant allowed unconstitutional actions to take place that were so persistent and widespread as to constitute a custom or usage. Rather, Plaintiff lists conduct directly attributable to Officers Bailey and Harrison. Liability under § 1983 attaches "only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* does not attach under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff does not plead any factual allegations asserting individual liability for malicious prosecution pursuant to 42 U.S.C. § 1983 against Officers Bailey and Harrison. Plaintiff previously amended the complaint on April 1, 2022 (Dkt. No. 13) and has not moved to amend the amended complaint to assert individual § 1983 claims against Officers Bailey and Harrison. Plaintiff has not objected to the R & R, or replied to Defendant's objections to the R & R. Therefore, the Court grants Defendant's motion to dismiss as to Plaintiff's §1983 claim. (Dkt. No. 21 at 17).

Plaintiff does not assert any other federal claims. As the Court has dismissed Plaintiff's sole federal claim, only state law claims remain. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) and remands these claims to the Court of Common Pleas for Dorchester County, South Carolina.

IV.    **Conclusion**

For the reasons stated above, Court **DECLINES TO ADOPT** the R & R (Dkt. No. 21) as the Order of the Court. Defendant's motion to dismiss is **GRANTED IN PART** as to Plaintiff's

§ 1983 claim for failure to state a claim. (Dkt. No. 14). Plaintiffs' remaining state law claims are

**REMANDED** to the Court of Common Pleas for Dorchester County, South Carolina.

**AND IT IS SO ORDERED**.

<u>s/ Richard M. Gergel</u>
Richard M. Gergel
United States District Judge

December 8, 2022
Charleston, South Carolina